RECEIVED
FEB 19 2026
KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

JOHN KLOSTERMAN,
    Plaintiff-Appellant,

v.                                                                                          Case No. 26-3118

KONZA, LLC, et al.,
    Defendants-Appellees.

---

## EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

## TO STAY SHERIFF'S SALE OF 634 DELHI AVENUE

## SCHEDULED FOR MARCH 4, 2026

### EMERGENCY STATEMENT

**This motion requires immediate action.** The property at 634 Delhi Avenue, Cincinnati, Ohio, owned by Appellant through Bridges and Rivers LLC, is scheduled for sheriff's sale on **March 4, 2026**, in Hamilton County Case No FC-23-19442. Once the sale is completed and the property is transferred to a bona fide purchaser, no appellate ruling can undo the transfer. This Court must act before March 4, 2026, or the property will be irretrievably lost.

### I. RELIEF REQUESTED

Appellant respectfully requests that this Court:

**A. STAY** the sheriff's sale of 634 Delhi Avenue scheduled for March 4, 2026, in Hamilton County Case No.FC23-19442, pending resolution of this appeal;

**B. ENJOIN** the City of Cincinnati and Hamilton County from proceeding with the foreclosure or any further enforcement actions against 634 Delhi Avenue pending resolution of this appeal; and

**C. GRANT** such other relief as this Court deems just.

## II. JURISDICTIONAL STATEMENT

**1.** This Court has jurisdiction under 28 U.S.C. § 1292 and FRAP Rule 8(a)(2). Appellant did not seek injunctive relief from the district court because the district court dismissed the case on December 10, 2025, and there is no court below with jurisdiction to grant relief. Under *Nken v. Holder*, 556 U.S. 418 (2009), this Court may grant a stay or injunction pending appeal.

## III. BACKGROUND: THE "TRASH-AND-GRAB" SCHEME AT 634 DELHI AVENUE

**2.** The property at 634 Delhi Avenue is Appellant's personal property, owned through Bridges and Rivers LLC. **634 Delhi was never part of the receivership.** It was not among the 59 properties placed under Receiver Boydston's control. Yet the RICO enterprise reached this property too—through a different mechanism.

**3.** Angel Strunk, a co-conspirator who pled guilty to federal charges, occupied 634 Delhi Avenue as a tenant. **Strunk admitted under oath at Klosterman's criminal trial that she did not pay rent of $650 per month for six months.** The $3,900 in unpaid rent would have covered a large portion of the back taxes that are now the basis of the foreclosure.

**4.** While refusing to pay rent, Strunk and co-conspirator Joseph Lentine **fraudulently applied for rental assistance funds from a Community Action Agency (CAA)** for 634 Delhi Avenue—a

property that was not part of the receivership. Upon information and belief, CAA funds were paid for unknown months while Strunk occupied the property without paying Appellant. This is the CAA fraud documented as Exhibit E-7 in the underlying RICO action.

**5.** Without rental income, Appellant could not pay the property taxes on 634 Delhi.

**6.** The scheme at 634 Delhi follows the same pattern as the broader RICO enterprise: **create the financial distress, then profit from the foreclosure.** Strunk refused to pay rent → Strunk and Lentine applied for fraudulent CAA assistance → property taxes went unpaid → property deteriorated → Hamilton County filed for tax foreclosure → property scheduled for sheriff's sale. The enterprise that stole Appellant's income is now completing the theft of the property itself.

**7.** This case is directly connected to the broader RICO conspiracy. Strunk is a **federally convicted co-conspirator.** Lentine is serving 63 months in federal prison. The unpaid rent that caused the tax delinquency was part of the same scheme that diverted $423,169.42 from Appellant's receivership properties. The CAA fraud at 634 Delhi is an additional RICO predicate act—documented in the record and admitted by the defendant.

## IV. THE FOUR FACTORS FAVOR APPELLANT

### A. Likelihood of Success on the Merits

**8.** Appellant is likely to succeed on the merits of his RICO claims. The evidence is not circumstantial—it consists of **defendants' own confessions and admissions:** (a) Receiver Boydston testified under oath that the sale was "engineered"; (b) co-conspirator Lentine was convicted and sentenced to 63 months; (c) co-conspirator Strunk pled guilty and admitted under oath to refusing to pay rent at 634 Delhi; (d) HCLRC's own counsel described the recordkeeping as "woefully deficient"

and "intentionally designed to conceal"; and (e) HCLRC admitted knowledge of $423,169.42 in diverted rental income.

### B. Irreparable Harm

**9. The loss of real property through a sheriff's sale is the textbook definition of irreparable harm.** Once 634 Delhi is sold to a bona fide purchaser, no subsequent appellate ruling can restore the property. The harm cannot be remedied by money damages because the property has unique historical value—it is located in the Sedamsville historic district that Appellant spent 35 years rehabilitating. **If this Court does not act before March 4, 2026, the property is gone.**

### C. Balance of Equities

**10.** The balance of equities overwhelmingly favors Appellant. The City of Cincinnati and Hamilton County will suffer no harm from a brief delay of the sheriff's sale pending appeal. The property is not going anywhere. But Appellant will suffer the permanent, irreversible loss of property that was pushed into foreclosure by a RICO enterprise that includes federally convicted co-conspirators. The entity seeking to foreclose is part of the same municipal apparatus that participated in the enterprise. Equity does not permit a co-conspirator to profit from the foreclosure it caused.

### D. Public Interest

**11.** The public interest favors granting the stay. Permitting municipalities to seize property from citizens whose financial distress was caused by the municipality's own co-conspirators in a federal criminal enterprise would undermine public confidence in the justice system. The public interest is served by preserving the status quo until this Court can review the merits of the RICO claims—claims supported by federal criminal convictions, sworn confessions, and the defendants' own admissions.

## V. BOND WAIVER

**12.** Appellant respectfully requests waiver of any bond requirement. Appellant is a 76-year-old pro se litigant whose income was reduced from $150,000 to $65,000 annually as a direct result of the RICO enterprise's theft of his properties and rental income. The $605 appellate filing fee represents his last available funds from his Social Security payment. Under *Moltan Co. v. Eagle-Picher Industries, Inc.*, 55 F.3d 1171 (6th Cir. 1995), and the Court's inherent equitable discretion, the bond requirement may be waived for indigent parties where the merits are strong and the movant demonstrates inability to post security.

## VI. CONCLUSION

634 Delhi Avenue is being sold at sheriff's sale on March 4, 2026—while this Court is simultaneously considering an appeal in which the appellant has demonstrated, through federal convictions and sworn confessions, that a RICO enterprise manufactured the financial distress that led to the foreclosure. The co-conspirator who occupied the property admitted under oath that she refused to pay rent. The receiver who was appointed to protect Appellant's interests confessed under oath to "engineering" the sale of Appellant's other properties.

**This Court should not permit the enterprise to complete the theft of 634 Delhi Avenue while the appeal challenging that enterprise is pending before this Court.**

Appellant respectfully requests that this Court stay the sheriff's sale in Hamilton County Case No. FC-23-19442 pending resolution of this appeal.

Respectfully submitted,

*/s/ John Klosterman*
John Klosterman, Pro Se
Plaintiff-Appellant
5615 Sidney Road
Cincinnati, Ohio 45238
(513) 250-2610
johncklosterman@gmail.com

Dated: February 19, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2026, I filed this Emergency Motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit via the CM/ECF system, which will send notification to all counsel of record.

_____
John Klosterman, Pro Se